Matthew Hooper (Bar No. 258238)
IMMIX LAW GROUP PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Telephone: 503-802-5533
matthew.hooper@immixlaw.com

*Attorneys for Gamefam, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| In re DEPOSITION SUBPOENA *DUCES TECUM* ISSUED TO GAMEFAM, INC. BY WOWWEE GROUP LIMITED, et al. | Case No.:  2:23-mc-00168 |
| | *Related Case: CA ND No. 3:22-cv-04476-SI* |
| | **GAMEFAM, INC.'S NOTICE OF MOTION AND MOTION FOR REIMBURSEMENT OF SIGNIFICANT EXPENSES INCURRED IN RESPONDING TO SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Hearing: |
| | Time: |
| | Judge: |
| | Courtroom: |

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................... iii

NOTICE OF MOTION AND MOTION ....................................................1

Question Presented ........................................................................2

I.    INTRODUCTION.................................................................3

II.   BACKGROUND FACTS ........................................................6

    A.   Gamefam is a game development and publishing company that
       has a business relationship with the parties to the Lawsuit. ............... 6

    B.   The Lawsuit has been pending for over a year, and Gamefam
       was unfairly burdened by WowWee's service of the Subpoena
       late in the discovery process.......................................................... 7

    C.   The Subpoena required Gamefam to appear for a deposition and
       review and produce broad categories of potentially sensitive
       documentation in a short timeframe. ....................................... 9

    D.   Gamefam promptly objected to the Subpoena. .................................. 11

    E.   Gamefam has made many efforts to confer with WowWee
       regarding  the Subpoena's scope and related compensation
       issues................................................................................... 12

    F.   Gamefam's accruing costs have been consistently shared with
       WowWee, and WowWee will not agree to cover them. ................... 14

    G.   Gamefam has been required to incur significant and unduly
       burdensome expenses to respond to the Subpoena. ........................... 16

    H.   Gamefam requests this Court's assistance in ordering WowWee
       to comply with its obligations under FRCP 45.................................. 20

III.  ARGUMENT ......................................................................21

    A.   FRCP 45 requires that a non-party's significant costs of
       complying  with a subpoena be shifted to the party seeking
       discovery. .......................................................................... 21

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

B.   The Subpoena imposed qualifying expenses upon Gamefam...........23

C.   The expenses imposed upon Gamefam by the Subpoena are significant................................................................................27

D.   Gamefam placed WowWee on clear and consistent notice that it would seek reimbursement for its Subpoena response costs.............29

IV.   CONCLUSION .............................................................................31

CERTIFICATE OF COMPLIANCE................................................................1

CERTIFICATE OF SERVICE .......................................................................1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

# TABLE OF AUTHORITIES

**Cases**

*Compaq Computer Corp. v. Packard Bell Elecs., Inc.*,
No. C 95-7005 Misc JW, 163 F.R.D. 329, 339 (N.D. Cal. 1995)................. 23, 26

*In re Globalstar Sec. Litig.*,
No. 04CV1394-B (BLM), 2005 WL 8173325 (S.D. Cal. June 9, 2005)............22

*In re Uehling*,
No. 1:14-mc-00009-LJO-BAM, 2014 WL 1577459 (E.D. Cal. 2014)...............24

*Legal Voice v. Stormans Inc.*,
738 F.3d 1178 (9th Cir. 2013)..................................................... 21, 22, 23, 27, 29

*Linder v. Calero-Portocarrero*,
251 F.3d 178 (D.C. Cir. 2001) .................................................................. 27, 28

*Nitsch v. Dreamworks Animation SKG Inc.*,
No. 5:14-cv-04062-LHK, 2017 WL 930809 (N.D. Cal. Mar. 9, 2017)....... *passim*

*Spears v. First Am. Eappraiseit*,
No. 5-08-CV-00868-RMW, 2014 WL 6901808 (N.D. Cal. Dec. 8, 2014) .. 22, 29

*U.S. v. Columbia Broad. Sys., Inc.*,
666 F.2d 364 (9th Cir. 1982).................................................................................22

*U.S. v. McGraw-Hill Cos., Inc.*,
No. CV 13-0779-DOC (JCGx), 302 F.R.D. 532 (C.D. Cal. 2014).............. *passim*

**Other Authorities**

*About Us*, GAMEFAM, https://gamefam.com/about (last visited Nov. 15, 2023).......6

Office of the Spokesperson, *U.S. Dep't of State and U.S. Agency for Int'l Development FY 2023 Budget Request* (2022), https://www.state.gov/u-s-department-of-state-and-u-s-agency-for-international-development-fy-2023-budget-request/ (last visited Nov. 15, 2023) ......................................................29

Office of Under Sec'y of Def. (Comptroller)/CFO, U.S. Dep't of Def., *Defense Budget Overview* (2022), https://comptroller.defense.gov/Portals/45/Documents/defbudget/fy2023/FY2023_Budget_Request.pdf (last visited Nov. 15, 2023) .......28

**Rules**

Fed R. Civ. P. 45 ............................................................................... 4, 21, 22

Fed. R. Civ. P. 45(d)(1).................................................................................. 3, 21

Fed. R. Civ. P. 45(d)(2)(B)(ii) .................................................................21

Page iii – TABLE OF AUTHORITIES

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES IN RELATED CASE CA ND NO. 3:22-CV-04476-SI AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that as soon as may be heard before the assigned judge of the United States District Court for the Central District of California, Western Division, at 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012, Gamefam, Inc. ("Gamefam") will and hereby does appear for the limited purpose of moving for reimbursement of the significant expenses Gamefam has incurred to respond to the July 14, 2023 Subpoena to Testify at a Deposition in a Civil Action and produce documents issued in the United States District Court for the Northern District of California in Case No. 3:22-cv-04476-SI (the "Lawsuit"). Gamefam is not a party to the Lawsuit; the subpoena at issue was served upon it as a third party by Lawsuit Defendants WowWee Group Limited, WowWee Canada, Inc., WowWee USA, Inc., and Gramps Goods, Inc. (collectively, "WowWee").

Gamefam files its motion with this Court pursuant to Federal Rule of Civil Procedure 45(d)(1), which provides that "[t]he court for the district where compliance is required must enforce" the duty for the subpoenaing party to "avoid imposing undue burden or expense on a person subject to the subpoena." Gamefam is located in this district, and that is where compliance with the subpoena at issue is required. As such, this Court has jurisdiction over this matter.

/ / /

/ / /

/ / /

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

This motion is made following the conference of counsel pursuant to Local Rule 7-3. Counsels' conferrals regarding this motion began on September 19, 2023 and concluded on September 29, 2023. WowWee opposes this motion.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declarations of Matthew Hooper, Dayna J. Christian, and Ricardo Briceno, other pleadings and papers filed in the Lawsuit and this action, and such other and further submissions, evidence, and argument as may be presented to the Court prior to or at the time of hearing on this motion.

**Question Presented:** Should Gamefam be reimbursed by WowWee for significant costs incurred in responding to a third-party subpoena served on it by WowWee in the Lawsuit?

**Answer:** Yes.

DATED: November 17, 2023

IMMIX LAW GROUP PC

s/
Matthew Hooper, Bar No. 258238
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: (503) 802-5533
Fax: (503) 802-5351
E-Mail: matthew.hooper@immixlaw.com

*Attorneys for Gamefam, Inc.*

Page 2 – GAMEFAM, INC.'S NOTICE OF MOTION AND MOTION
FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

## MEMORANDUM OF POINTS AND AUTHORITIES

Gamefam, Inc. ("Gamefam") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Reimbursement of Significant Expenses Incurred in Responding to Subpoena ("Motion").

Gamefam's Motion arises from a third-party subpoena served upon it in United States District Court for the Northern District of California Case No. 3:22-cv-04476-SI (the "Lawsuit").  The parties to the Lawsuit are Plaintiffs Roblox Corporation and Jazwares, LLC (collectively, "Roblox") and Defendants WowWee Group Limited, WowWee Canada, Inc., WowWee USA, Inc., and Gramps Goods, Inc. (collectively, "WowWee").  Gamefam is not a party to the Lawsuit.

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 45(d)(1), Gamefam respectfully moves this Court for reimbursement of significant and unduly burdensome expenses that it has been required to incur in responding to the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") served upon it by WowWee in the Lawsuit.  Reimbursement of Gamefam's expenses incurred to respond to the Subpoena is appropriate and should be ordered for the reasons fully detailed below.

WowWee served the Subpoena upon Gamefam on July 14, 2023. *Declaration of Matthew Hooper in Support of Gamefam, Inc.'s Motion for Reimbursement of Significant Expenses Incurred in Responding to Subpoena* ("*Hooper Decl.*"), ¶ 5, Ex. A at 1.  The Subpoena's document requests were very broad and implicated voluminous documentation. *See id.* at 15–16.

Page 3 –    MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

Within seven days of receiving the Subpoena, Gamefam's counsel objected on grounds that (among other things) it was overly broad, unduly burdensome, and would require Gamefam to incur significant legal fees. *Id.* ¶ 6, Ex. B at 44–47; *see also id.* ¶ 7, Ex. C.  Then, pursuant to demands from WowWee's counsel, Gamefam began collecting and reviewing documents in response to the Subpoena.  Over the following ten weeks, Gamefam's counsel provided fee estimates and accrual updates to WowWee's counsel regularly and repeatedly.  *See id.* ¶ 6, Ex. B at 1–47.  At no time did WowWee instruct Gamefam to stop incurring fees and costs, nor did WowWee object to or challenge the continually increasing expenses reported by Gamefam.  *See id.*  Instead, WowWee continued to demand that Gamefam complete further identification, review, and production of documents; submit a privilege log; and prepare for its deposition.  *See id.*

Gamefam's counsel was very clear at all times that the Subpoena imposed an undue cost burden upon Gamefam, and WowWee must comply with its FRCP 45 obligation to minimize this burden and cover the costs associated with Gamefam's response to the Subpoena or Gamefam would seek court protection.  *See, e.g.*, *id.* at 2, 7, 24, 27, 31, 34; *id.* ¶ 7, Ex. C.  WowWee's counsel consistently acknowledged in telephone calls and emails with Gamefam's counsel dating back to July 2023 that FRCP 45 imposed an obligation upon WowWee to consider Gamefam's need for compensation for its Subpoena response costs; WowWee's counsel reaffirmed its recognition of this obligation in a telephone call with Gamefam's counsel on August 24, 2023. *Declaration of Dayna J. Christian in Support of Gamefam, Inc.'s Motion for Reimbursement of Significant Expenses Incurred in Responding to Subpoena*

Page 4 –   MEMORANDUM OF POINTS AND AUTHORITIES IN
           SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile: 503-802-5351

("*Christian Decl.*"), ¶ 12; *see also Hooper Decl.*, ¶ 6, Ex. B at 24.  Despite being put on clear and consistent notice and acknowledging its reimbursement obligations, WowWee has not provided or agreed to provide Gamefam with any repayment.  Yet, WowWee has continued to demand that Gamefam comply with the Subpoena.

Gamefam has been required to expend substantial time and incur significant and unduly burdensome costs to respond to the Subpoena.  As of the date of this filing, Gamefam has incurred $227,331.10 in expenses due to WowWee's Subpoena (as fully detailed below).  Due to these significant and unexpected costs, Gamefam has had no choice but to lay off workers in 2023, with additional layoffs likely in 2024.  *Declaration of Ricardo Briceno in Support of Gamefam, Inc.'s Motion for Reimbursement of Significant Expenses Incurred in Responding to Subpoena* ("*Briceno Decl.*"), ¶ 17.  Gamefam cannot support the monthly salaries of at least nine of its employees due to the significant impact the Subpoena has had on its operating budget.  *Id.*  It is unreasonable and inequitable for a non-party to the Lawsuit to be required to bear this burden.

Gamefam now respectfully requests that this Court order WowWee to reimburse Gamefam for the expenses it has been required to incur to comply with the Subpoena pursuant to WowWee's demands.  WowWee has insisted that Gamefam respond to the Subpoena, but it has not paid or agreed to pay Gamefam for its substantial and unduly burdensome costs in doing so.  Thus, Gamefam has been left with no choice but to seek the assistance of this Court in obtaining the compensation to which it is entitled under FRCP 45.  Further, Gamefam has not been

/ / /

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

discharged from the Subpoena and reserves the right to supplement this Motion should the requisite fees and costs continue to accrue.

## II.     BACKGROUND FACTS

### A. Gamefam is a game development and publishing company that has a business relationship with the parties to the Lawsuit.

Gamefam is a private start-up company that was founded four years ago in Los Angeles, California by Joe Ferencz, its current Chief Executive Officer. *Briceno Decl.*, ¶ 6.   Gamefam is a video game developer and publisher in the nascent metaverse.  *Id.*  Gamefam's business objective is to build "the next generation of pop culture franchises born from the metaverse."  *About Us*, GAMEFAM, https://gamefam.com/about (last visited Nov. 15, 2023).   To accomplish its objectives, Gamefam works with approximately 200 staff members worldwide on a daily basis; approximately half are employee developers, and the other half are contractors. *Briceno Decl.*, ¶ 7.  In the game developer market worldwide, Gamefam is a small company ($34 million in revenues in 2022). *Id.* ¶ 19.  For example, online resources report that the revenues of many of the companies that share the market with Gamefam greatly exceed Gamefam's own revenues, such as Roblox ($2.2 billion in 2022), GSN Games ($272.7 million in 2022), NetEase ($14.27 billion in 2022), Tencent Holding ($82.406 billion in 2022), and Take-Two Interactive Software ($3.505 billion in 2022). *Id.* ¶ 20.

Roblox operates one of the top online platforms for gaming and other experiences.  Gamefam began using the Roblox platform in 2019, and it has been an

active and prolific user since that time. *Id.* ¶ 8. As a result, Gamefam enjoys an extensive and continuous relationship with Roblox and other gaming community brand supporters, such as WowWee. Gamefam also maintains confidential relationships with innovative technology companies, game companies, game platforms, brands, and entertainment companies, which require strict compliance with non-disclosure agreements and the highest degree of intellectual property protection. *Id.* ¶ 9. These relationships are incredibly important to Gamefam's business and its ultimate success in the marketplace.

## B. The Lawsuit has been pending for over a year, and Gamefam was unfairly burdened by WowWee's service of the Subpoena late in the discovery process.

Roblox initiated the Lawsuit against WowWee on August 2, 2022. *See Docket[1] No. 1.* Gamefam is not a party to the Lawsuit. Instead, Gamefam is a third party that is discussed by Roblox in the Amended Complaint's allegations against WowWee. *See Hooper Decl.*, ¶ 5, Ex. A at 18–83. Specifically, and among other things, Roblox alleges that "WowWee induced one of Roblox's top experience developers—Gamefam—to partner with it," thereby interfering with Roblox's contractual relationship with Gamefam. *Id.* at 24. WowWee generally denied Roblox's allegations and asserted affirmative defenses and counterclaims alleging that Roblox is interfering with its relationship with Gamefam. *See Docket No. 74.* These same allegations and denials appeared in the parties' initial complaint and answer pleadings. *See Docket No. 1*; *Docket No. 70.* Thus, WowWee has been

---

[1] All docket numbers contained in this pleading refer to the docket in the Lawsuit.

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

1  aware of Roblox's allegations regarding Gamefam and its potential need to subpoena

2  documents from Gamefam since the initial Complaint was filed on August 2, 2022.

3      In the course of the Lawsuit's proceedings, Roblox and WowWee agreed to a

4  discovery cut-off date of September 13, 2023, and the court imposed the same.

5  *Docket No. 86*.  Despite this clear deadline and the fact that the Lawsuit had been

6  pending for nearly a year at that time, WowWee waited until July 14, 2023—just

7  two months before the close of discovery—to serve the Subpoena upon Gamefam.

8  *Hooper Decl.*, ¶ 5, Ex. A at 1.  Thereafter, WowWee's counsel repeatedly used this

9  deadline to place pressure upon Gamefam to respond to the Subpoena's voluminous

10  requests at an unrealistically expeditious pace.  *See, e.g.*, *id.* ¶ 6, Ex. B at 26, 29, 35.

11      WowWee's late service of a massive discovery request with an imminent and

12  inflexible deadline has caused tremendous and entirely unnecessary stress and

13  pressure on Gamefam and its personnel.  WowWee also caused Gamefam to feel

14  that it had no choice but to proceed with reviewing documents in response to the

15  Subpoena at the same time that it was attempting to reach a mutual agreement with

16  WowWee regarding compensation, as Gamefam risked being unable to comply with

17  the Subpoena's vast requests by the Lawsuit's discovery deadline if it did not move

18  forward promptly.  WowWee continually threatened to move to compel Gamefam's

19  compliance with the full scope of the Subpoena.  *See id.* at 16.

20  / / /

21  / / /

22  / / /

23  / / /

Page 8 –    MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile: 503-802-5351

## C. **The Subpoena required Gamefam to appear for a deposition and review and produce broad categories of potentially sensitive documentation in a short timeframe.**

The Subpoena commanded the "Person Most Knowledgeable" at Gamefam to appear at a deposition on August 3, 2023. *Id.* ¶ 5, Ex. A at 1. Attachment A to the Subpoena listed the deposition topics that WowWee intended to cover. *Id.* at 7–9. The Subpoena also commanded Gamefam to "bring with [it] to the deposition" certain documents set forth in Attachment B thereto. *Id.* at 1, 15–16.

The Subpoena's ten document requests are very broadly written and nearly impossible for Gamefam to manage in any reasonable and efficient way. The requests implicate incredibly large volumes of documents that include confidential information and require a thorough review and consideration of Gamefam's many potentially protective contracts, highly sensitive intellectual property protection obligations, and non-disclosure agreements before production may be issued. *Briceno Decl.*, ¶ 11. Some of the requests are so broadly and vaguely written as to implicate all documents and communications related to nearly every aspect of Gamefam's business throughout its existence. *See Hooper Decl.*, ¶ 7, Ex. C at 10.

The requests also seek many categories of documents that are entirely irrelevant to the Lawsuit. For example, the Subpoena requests "[a]ll Documents and Communications concerning [Gamefam's] partnerships and collaborations with third parties involving games or other Experiences for the Roblox Platform." *Id.* ¶ 5, Ex. A at 15. This request implicates many highly sensitive documents of Gamefam and its business partnerships that are subject to confidentiality contracts

Page 9 –   MEMORANDUM OF POINTS AND AUTHORITIES IN
           SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

and strict intellectual property protections and are in no way pertinent to the Lawsuit. *Briceno Decl.*, ¶ 12.

The Subpoena also seeks to obtain from Gamefam many documents that are within the possession of and which should be produced by the parties to the Lawsuit. Such efforts attempt to improperly shift the burden of producing documents away from the parties to the Lawsuit and onto a non-party—Gamefam. For example, the Subpoena requests "[a]ll Documents and Communications with Roblox" and "[a]ll Documents reflecting Communications between [Gamefam] and Plaintiffs" on certain subjects. *Hooper Decl.*, ¶ 5, Ex. A at 15. All such documents and communications would be in Roblox's possession and are available for Roblox to produce in the Lawsuit. In fact, WowWee's counsel stated on several occasions— including in a telephone call with Gamefam's counsel—that these documents were being requested from Gamefam because Roblox had declined to produce them. *Id.* ¶ 6, Ex. B at 19, 45–46; *Christian Decl.*, ¶ 13. Yet, WowWee's counsel has admitted that WowWee has not pursued court remedies in the Lawsuit to compel such production from party Roblox; it instead seeks to shift that burden onto non-party Gamefam. *Hooper Decl.*, ¶ 6, Ex. B at 19, 45–46; *Christian Decl.*, ¶ 13.

Similarly, the Subpoena requests that Gamefam produce "[a]ll Documents and Communications concerning [Gamefam's] partnerships and collaborations with WowWee" and "[a]ll Documents and Communications concerning Defendants." *Hooper Decl.*, ¶ 5, Ex. A at 15. These requests target many documents that are already within WowWee's own possession and control, and non-party Gamefam should not be required to produce them.

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

### D. **Gamefam promptly objected to the Subpoena.**

Shortly after it was served, Gamefam objected to the Subpoena. On July 21, 2023, Gamefam's counsel wrote to WowWee's counsel by detailed email objecting on grounds that the Subpoena's requests were unduly burdensome and expensive for non-party Gamefam to collect, review, and produce documents in response to. *Id.* ¶ 6, Ex. B at 44–47. Gamefam's counsel also raised various other objections to the Subpoena's requests; for example, and among other things, Gamefam's counsel stated objections on grounds of privilege, relevance, confidentiality, overbreadth, and the fact that many of the requested documents were already in the possession of the parties to the Lawsuit. *Id.* Both prior to and after this written communication, Gamefam's counsel also discussed Gamefam's objections with WowWee's counsel by telephone. *Christian Decl.*, ¶ 7.

Gamefam's counsel and WowWee's counsel then engaged in continuing conferrals regarding the Subpoena and what could be done to reduce the burden upon Gamefam while still (1) satisfying WowWee's needs and (2) in the absence of an amended Subpoena, complying with Gamefam's obligation to respond to the Subpoena's full scope. During one such phone call on July 25, 2023, WowWee agreed to cancel the deposition set for August 3, 2023 and refrain from setting a new date until the parties had conferred further. *Id.* ¶ 8. The parties' counsel also specifically agreed that it was in both Gamefam's and WowWee's best interests to prevent increasing the already-existing burden on Gamefam by avoiding formal objection pleadings and discovery motion practice, and that they would work together in good faith to informally resolve objections, narrow the Subpoena's

Page 11 – MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

scope, and reach an agreement regarding compensation for Gamefam's expenses. *Id.* The deadline to respond to the Subpoena at the deposition was placed on hold by mutual agreement of counsel while these conferral efforts were ongoing and while the deposition remained cancelled and not reset. *Id.*

On August 15, 2023, WowWee's counsel informed Gamefam's counsel for the first time that WowWee expected Gamefam to formally respond to the Subpoena by August 25, 2023. *Hooper Decl.*, ¶ 6, Ex. B at 35. Surprised by the sudden lack of collaboration with WowWee's counsel, Gamefam promptly submitted formal objections to WowWee on August 22, 2023, which were redundant of the objections it had raised previously and once again objected to the Subpoena's requests on the grounds described above. *Id.* ¶ 7, Ex. C.

**E. Gamefam has made many efforts to confer with WowWee regarding the Subpoena's scope and related compensation issues.**

As noted above, Gamefam and WowWee have engaged in continuous conferral efforts since the Subpoena was served. To begin, counsel for Gamefam and WowWee have engaged in many lengthy email exchanges regarding the Subpoena's scope and compensation issues from its service through the present. *See id.* ¶ 6, Ex. B.

Gamefam and WowWee have also met and conferred through telephone and video calls in an effort to informally resolve the issues raised by this Motion. Conferences between counsel occurred on July 25, 2023 and August 24, 2023; they were attended by Gamefam's counsel and multiple members of WowWee's counsel team. *Christian Decl.*, ¶¶ 8–9. In addition, on August 29, 2023, the Chief Executive

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

Officer of WowWee, Richard Yanofsky, and the Chief Business Officer of Gamefam, Ricardo Briceno, along with each company's counsel, met by video conference to discuss the pressing issue of reimbursement and the incredible financial burden the Subpoena had placed upon Gamefam. *Id.* ¶ 10. Although WowWee's executive agreed that reimbursement was owed to Gamefam and that Gamefam should suffer no financial hardship as a result of the Subpoena, to date no reimbursement has been offered or delivered by counsel for WowWee. *Id.*

The parties' conferral efforts have resulted in agreements to limit the scope of the Subpoena in certain respects—for example, by reducing the requested date range and limiting the custodians whose documents must be reviewed and produced. *Id.* ¶ 11. However, as described more fully below, the remaining scope of the commanded document production and deposition remain unduly burdensome and expensive upon non-party Gamefam, and WowWee has not actually modified the Subpoena to reflect the parties' informally agreed-upon limitations. WowWee's counsel has consistently acknowledged in telephone calls and emails with Gamefam's counsel that FRCP 45 does impose an obligation upon WowWee to provide Gamefam with compensation for its Subpoena response costs. *Id.* ¶ 12; *see also Hooper Decl.*, ¶ 6, Ex. B at 24. However, no agreement has been reached to reimburse Gamefam for the significant expenses it has been required to incur due to the Subpoena.

/ / /

/ / /

/ / /

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

### F. **Gamefam's accruing costs have been consistently shared with WowWee, and WowWee will not agree to cover them.**

Following the parties' initial narrowing efforts, on August 3, 2023 Gamefam reported to WowWee that it had identified approximately 132,000 documents that were potentially responsive to the Subpoena. *Hooper Decl.*, ¶ 6, Ex. B at 39. To manage this high volume, Gamefam was required to incur the cost of retaining a litigation document management and hosting company. It also required significant assistance from its attorneys to provide guidance in identifying and collecting all potentially responsive documents, advise on the legal requirements to properly respond to the Subpoena, review documents and address confidentiality concerns, and confer with WowWee's counsel regarding the Subpoena.

Streamline Imaging ("Streamline") was hired to serve as Gamefam's document management vendor. *Id.* ¶ 8. Streamline provides Gamefam with document management services for an hourly fee as well as a subscription to an online litigation document hosting platform called Relativity for an initial set-up fee and recurring monthly fee. *Id.* Because Gamefam hosts its business records on a suite of Google applications, collecting, reviewing, and producing the documents at issue could not be done in-house and required a hosting company's assistance. *Id.* This requirement and the estimated associated fees were communicated to WowWee's counsel by email on August 3, 2023. *Id.* ¶ 6, Ex. B at 39. Gamefam's counsel also reminded WowWee's counsel of these accruing costs repeatedly. *Id.* at 11, 36, 38.

/ / /

Page 14 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

After Streamline was hired, it worked with Gamefam to process and cull the approximately 132,000 potentially responsive documents and the volume was reduced to approximately 90,000 documents. *Id.* ¶ 9. This required continued efforts from both Gamefam's personnel and its legal team, ultimately reducing the volume to approximately one-third of its initial amount. *Id.* Gamefam continued to assert to WowWee that the remaining volume was unduly burdensome, and the cost of reviewing and producing the same was unjustifiably expensive. *See id.* ¶ 6, Ex. B at 36.

Gamefam regularly updated WowWee on the expenses that continued to accrue as its legal team reviewed and processed documents while WowWee refused to withdraw or further limit the scope of the Subpoena. *See id.* at 1–47. For example, on August 14, 16, and 18, 2023, Gamefam cautioned WowWee that it estimated the fees and costs to review and produce the documents demanded by the Subpoena would be approximately $130,000. *Id.* at 31–36. On August 31, 2023, Gamefam updated WowWee that "[o]ur fees and costs are now over $130k." *Id.* at 20. On September 11, 2023, Gamefam reminded WowWee that "[t]he fees Gamefam has incurred are beyond $130k." *Id.* at 15. Further updates were provided on September 13, 2023 (nearing $150,000), September 19, 2023 (over $150,000), and September 22, 2023 (over $160,000). *Id.* at 6–7, 11.

As evidenced by the above-described communications, Gamefam raised the issue of burdensome fees and costs a multitude of times. Specifically, this issue was raised in emails sent by Gamefam's counsel to WowWee's counsel dated July 21, 2023; August 3, 4, 7, 14, 16, 22, 23, 24, 25, and 31, 2023; September 6, 8, 11, 13,

Page 15 – MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

19, 22, 26, and 27, 2023; and October 2, 2023. *Id.* at 1–47. These issues were also discussed in multiple phone calls and video conferences. *Id.* ¶ 10; *Christian Decl.*, ¶ 6. At no time did WowWee instruct Gamefam to stop incurring costs, nor did WowWee ever object to or challenge the continually increasing costs reported by Gamefam; instead, WowWee continued to demand that Gamefam engage in further identification, reviewing, and producing of documents, as well as continuing to prepare for the anticipated deposition. *See Hooper Decl.*, ¶ 6, Ex. B at 1–47.

Pursuant to demands from WowWee's counsel, Gamefam issued two sets of WowWee's identified high-priority document production on August 29, 2023 and September 7, 2023. *Id.* at 18–19, 22. WowWee also insisted that Gamefam's counsel create and provide a privilege log, resulting in even further expense. *Id.* at 11–21. Gamefam's counsel cautioned WowWee's counsel that the creation of a privilege log would take significant time and create additional costs, and WowWee's counsel instructed Gamefam to proceed. *Id.*

## G.   Gamefam has been required to incur significant and unduly burdensome expenses to respond to the Subpoena.

The Subpoena has caused Gamefam to incur significant expenses that represent an undue burden upon it. In sum, Gamefam has been required to incur $227,331.10 in Subpoena response costs as of the date of this filing. This unquestionably represents a significant and inequitable burden upon non-party Gamefam—particularly when the parties to the Lawsuit have not been required to produce documents in their own possession that are also sought from Gamefam.

/ / /

Page 16 – MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

The expenses that Gamefam has been required to incur to respond to the Subpoena are summarized in the following table. These figures represent costs incurred for salary/wage time expended by Gamefam employees on Subpoena-related tasks, as well as costs incurred under Gamefam contracts (including its attorneys) in relation to the Subpoena.

| Name and Relationship to Gamefam | Fee or Cost | Total Fee or Cost |
|---|---|---|
| Administrative and Clerical Support, Gamefam Employees | $50 per hour fee for 5 hours | $250.00 |
| Ricardo Briceno, Gamefam Chief Business Officer | $300 per hour fee for 23 hours | $6,900.00 |
| Justin Peress, Gamefam Head of Finance | $250 per hour fee for 1 hour | $250.00 |
| Alexandra Guglielmino, Gamefam Sr. Vice President, Growth | $200 per hour fee for 1 hour | $200.00 |
| CyberDuo, Contract IT Specialists | $250 per hour fee for 20 hours | $5,000.00 |
| Streamline Imaging, Contract Document Management Vendor | Database set-up cost and monthly hosting cost based on volume | $9,481.90 |
| Immix Law Group PC, Contract Legal Dayna Christian, Lead Attorney | $675 per hour fee for 125.1 hours | $84,442.50 |

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

| Name and Relationship to Gamefam | Fee or Cost | Total Fee or Cost |
|---|---|---|
| Nicole McMillan/Matthew Hooper, Attorneys | $550 per hour fee for 197.5 hours | $108,625.00 |
| Miriam Wainwright, Attorney | $350 per hour fee for 76.3 hours | $26,705.00 |
| Carol Kregear, Paralegal | $225 per hour fee for 14.10 hours | <u>$3,172.50</u> |
| | Subtotal | $222,945.00 |
| | Deducted non-reimbursable fees | ($20,430.00) |
| | Total reimbursable fees | $202,515.00 |
| Veritext, LLC, Contracted Court Reporter | Transcript cost | $2,734.20 |
| | **TOTAL FEES AND COSTS:** | **$227,331.10** |

*See Christian Decl.*, ¶¶ 14–15; *Briceno Decl.*, ¶¶ 21–25.

Gamefam's legal fees are more fully broken down as follows:

| | Category of Work Completed to Respond to the Subpoena | Hours | % | Allocation of Fees |
|---|---|---|---|---|
| 1. | Conferring with WowWee's counsel on the Subpoena and negotiating limitations to the scope of the Subpoena | 21.9 | 5.8% | $11,745.87 |
| 2. | Preparing written objections to the Subpoena | 49.2 | 13.1% | $26,529.47 |
| 3. | Locating, identifying, and collecting potentially responsive documents based on the full scope of the Subpoena | 63.1 | 16.8% | $34,022.52 |

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile:  503-802-5351

| | Category of Work Completed to Respond to the Subpoena | Hours | % | Allocation of Fees |
|---|---|---|---|---|
| 4. | Reviewing documents for responsiveness, including identifying confidentiality obligations owed to third parties | 59.9 | 16% | $32,402.40 |
| 5. | Assembling, preparing, and redacting responsive documents for production based on negotiated Subpoena limitations | 17.2 | 4.6% | $9,315.69 |
| 6. | Assembling and producing the privilege log required by WowWee | 12.8 | 3.4% | $6,885.51 |
| 7. | Preparing for the deposition demanded by the Subpoena, attending and defending the deposition, and processing the final deposition transcript | 56.4 | 15% | $30,377.25 |
| 8. | Negotiating, researching, assembling, and preparing this Motion | 94.9 | 25.3% | $51,236.29 |
| | **Total Reimbursable Hours and Fees** | 375.4 | 100% | $202,515.00 |

*Christian Decl.*, ¶¶ 14–23.  The types of time entries included in each of these

categories are fully described in the Christian Declaration, and counsel will be happy

to provide additional information at the hearing of this Motion.  *See id.*

Ultimately, these expenses—which Gamefam has had no choice but to incur

to respond to the Subpoena—are extreme, have unduly burdened Gamefam, and

have caused Gamefam to suffer financially.  *Briceno Decl.*, ¶ 13.  Gamefam did not

anticipate (and could not have anticipated) the legal fees and costs that would be

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

incurred in receiving the Subpoena from WowWee. *Id.* ¶ 14. While Gamefam maintains a legal budget line-item for general business matters, it was entirely unprepared for incurring the large amount of fees and costs resulting from the Subpoena. *Id.* ¶ 15. With no budget to cover these costs, Gamefam has had to divert funds needed to support its staff's wages, and the equivalent of nine or more staff members' wages are now unavailable to Gamefam. *Id.* ¶ 17. On the August 29, 2023 video conference between WowWee and Gamefam and their attorneys, Gamefam pled for relief, made it clear that Gamefam had not planned for this significant cost, and informed WowWee that due to these unexpected expenses it may have no choice but to lay off workers in 2023 and 2024. *Id.* ¶ 18.

It is without doubt that the expenses Gamefam has been required to incur due to the Subpoena are substantial and have caused an undue burden and hardship upon Gamefam, a non-party to the Lawsuit. Further, the understanding of Gamefam's counsel is that Gamefam has been expected to shoulder this burden while the parties to the Lawsuit have failed to comply with their own discovery obligations without recourse. *See Hooper Decl.*, ¶ 6, Ex. B at 19, 45–46; *Christian Decl.*, ¶ 13. This is patently unfair.

## H. Gamefam requests this Court's assistance in ordering WowWee to comply with its obligations under FRCP 45.

Ultimately, Gamefam appeared for its deposition on October 11, 2023 and has endeavored to locate, review, and produce documents responsive to the Subpoena, at great cost to itself. *Hooper Decl.*, ¶ 11. To date, WowWee has not discharged Gamefam from or amended its Subpoena, nor has WowWee provided or agreed to

Page 20 – MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

provide compensation for Gamefam's unquestionably substantial Subpoena response costs. These facts and circumstances have left Gamefam with no choice but to seek the assistance of this Court in resolving this matter.

## III.    ARGUMENT

### A. FRCP 45 requires that a non-party's significant costs of complying with a subpoena be shifted to the party seeking discovery.

FRCP 45 governs third-party subpoenas in federal civil litigation. The rule provides as follows:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FRCP 45(d)(1). Where a non-party's compliance with a subpoena is ordered over an objection, the court "must protect [the non-party] from significant expense resulting from compliance." FRCP 45(d)(2)(B)(ii). FRCP 45 "requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013); *see also U.S. v. McGraw-Hill Cos., Inc.*, No. CV 13-0779-DOC (JCGx), 302 F.R.D. 532, 534 (C.D. Cal. 2014) (Order re: Motions to Compel).

Importantly, such cost-shifting "is mandatory." *Legal Voice*, 738 F.3d at 1184; *see also Nitsch v. Dreamworks Animation SKG Inc.*, No. 5:14-cv-04062-LHK (SVK), 2017 WL 930809, at *1 (N.D. Cal. Mar. 9, 2017) (Order Granting Non-Party Motion for Reimbursement; Granting Motion to Seal Documents). Because

Page 21 – MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

"'[n]onparty witnesses are powerless to control the scope of litigation and discovery, [they] should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.'" *Nitsch*, 2017 WL 930809, at *2 (quoting *U.S. v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982)).

In considering whether cost-shifting is appropriate under FRCP 45, "the only question before the court . . . is whether the subpoena imposes significant expense on the non-party.  If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'" *Legal Voice*, 738 F.3d at 1184.  This analysis requires consideration of only two factors: "'[1] whether the subpoena imposes expenses on the non-party, and [2] whether those expenses are "significant."'" *Id.* (internal citations omitted); *see also McGraw-Hill Cos., Inc.*, 302 F.R.D. at 534.  Ultimately, whether a subpoena is unduly burdensome or expensive upon a non-party is a decision that "lies within the district court's broad discretion." *In re Globalstar Sec. Litig.*, No. 04CV1394-B (BLM), 2005 WL 8173325, at *4 (S.D. Cal. June 9, 2005) (Order Granting in Part and Denying in Part Non-Party Qualcomm's Motion for Reimbursement).

Costs may be shifted so long as the party requesting discovery has been placed on notice that the subpoenaed party will seek reimbursement.  *Spears v. First Am. Eappraiseit*, No. 5-08-CV-00868-RMW, 2014 WL 6901808, at *3 (N.D. Cal. Dec. 8, 2014).  A court order compelling compliance with a subpoena is not a prerequisite to cost shifting. *See Nitsch*, 2017 WL 930809, at *1 n.3.

/ / /

/ / /

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

**B.** <u>**The Subpoena imposed qualifying expenses upon Gamefam.**</u>

The first factor in the cost-shifting analysis requires a determination that qualifying expenses were imposed upon Gamefam by the Subpoena. *See Legal Voice*, 738 F.3d at 1184. Reimbursable expenses "'are those that are necessary to the third party's compliance and thus benefit the requesting party or are of assistance to the court.'" *Nitsch*, 2017 WL 930809, at *2 (internal citation omitted).

Examples of such compensable expenses include attorneys' fees, such as those incurred in "production-related tasks like document review, creating a privilege log, and drafting protective orders," and fees "incurred in connection with legal hurdles or impediments to the production." *Id.* (internal citations and quotation marks omitted). Where efforts are required to protect a subpoenaed non-party's confidentiality concerns, and those efforts are a direct "result of compliance with the subpoena," the associated expenses are "reasonable and compensable." *Id.* at *3. Employees' time spent searching for, reviewing, and producing responsive documents, as well as in sitting for depositions, is also compensable. *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, No. C 95-7005 Misc JW, 163 F.R.D. 329 (N.D. Cal. 1995) (Memorandum & Order Granting in Part and Denying in Part Non-Party Acer's Motion to Quash Subpoenas and/or for Protective Order). The "touchstone" in determining whether an expense qualifies for reimbursement under FRCP 45 is that it results from the non-party's efforts to comply with the subpoena. *McGraw-Hill Cos., Inc.*, 302 F.R.D. at 536.

Further, where documents requested by a subpoena are irrelevant to the litigation at issue, "*any burden whatsoever* imposed" on the non-party is undue and

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

unreasonable. *Compaq Computer Corp.*, 163 F.R.D. at 335–36 (emphasis in original). Similarly, "'there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests,'" and "a party should not be permitted to seek information from a non-party that they can obtain from the opposing party." *In re Uehling*, No. 1:14-mc-00009-LJO-BAM, 2014 WL 1577459, at *6 (E.D. Cal. Apr. 17, 2014) (Order Denying Allied World Assurance Company (U.S.) Inc.'s Motion to Compel) (internal citations omitted). By definition, such requests to a non-party are unduly burdensome, as are any expenses associated therewith.

Here, the Subpoena has unquestionably imposed expenses upon Gamefam. As fully detailed in Section II(G) above, Gamefam has been required to incur a total of $202,515.00 in legal fees directly arising from its response to and compliance with the Subpoena. The time incurred by Gamefam's legal team is reasonable, was necessary to respond to the Subpoena's demands, and must be reimbursed by WowWee. With regard to Category 1[2] (conferring with WowWee's counsel), Gamefam's counsel was required to confer extensively with WowWee's counsel to determine WowWee's needs, assess the most efficient way to satisfy those needs, and seek to resolve Gamefam's objections to the Subpoena's broad and sometimes invasive requests. *Christian Decl.*, ¶ 16. Similarly, the fees in Category 2 (preparing written objections) were necessarily incurred to respond to the Subpoena due to the voluminous nature of the requests and the fact that many of the requests implicated

---

[2] The categories listed in this section refer to the legal fee summary table that appears at Section II(G) above.

Page 24 – MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

confidential information that Gamefam was required to protect. *Id.* ¶ 17. These efforts directly resulted from Gamefam's efforts to comply with the Subpoena, and they are accordingly reimbursable. *See McGraw-Hill Cos., Inc.*, 302 F.R.D. at 536.

The legal fees incurred in Category 3 (locating, identifying, and collecting potentially responsive documents), Category 4 (reviewing documents for responsiveness and confidentiality obligations), and Category 5 (preparing and redacting documents for production) are also unquestionably reimbursable. To issue any production in response to the Subpoena, Gamefam was first necessarily required to (1) collect potentially responsive documents, (2) review them, and (3) prepare them for production. Such production-related tasks are unquestionably compensable. *See Nitsch*, 2017 WL 930809, at *2. Similarly, efforts to protect a subpoenaed non-party's confidentiality concerns are "reasonable and compensable" and a direct "result of compliance with the subpoena." *Id.* at *3. As such, these fees are also reimbursable, and WowWee must pay them.

Similarly, the fees incurred in Category 6 (preparing the privilege log) were necessary because WowWee's counsel demanded a privilege log and would not withdraw their request. Time spent "creating a privilege log" is compensable. *Id.* at *2. As such, this time must be reimbursed by WowWee.

The time incurred in Category 7 (deposition-related time) was also necessarily incurred to respond to the deposition commanded by the Subpoena. WowWee's Subpoena demanded that Gamefam sit for a deposition on a broad list of topics. It directly follows that Gamefam's counsel would be required to prepare for the deposition, work with Gamefam's witness, attend the deposition, and review the

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

deposition transcript for confidentiality designations and errors. These efforts unquestionably resulted from Gamefam's efforts to comply with the Subpoena, and they are accordingly reimbursable. *See McGraw-Hill Cos., Inc.*, 302 F.R.D. at 536.

Finally, the fees incurred in Category 8 (time related to this Motion) were necessary and rendered unavoidable by WowWee's insistence that Gamefam proceed with responding to the Subpoena and incur costs, continued misleading acknowledgements that WowWee understood its FRCP 45 obligations in an effort to encourage Gamefam to continue working, and subsequent refusal to actually provide Gamefam with compensation after it had incurred substantial expenses to respond to the Subpoena. As detailed above, Gamefam cannot bear the substantial costs of the Subpoena response without reimbursement from WowWee. Because WowWee has refused to provide Gamefam with any compensation for its substantial efforts to assist it in the Lawsuit by complying with the Subpoena, Gamefam was left with no choice but to prepare and file this Motion, and it respectfully requests that WowWee be required to compensate it for the same.

Gamefam has also been required to incur $24,816.10 in other expenses, as fully detailed in Section II(G) above. Gamefam's own employees were required to expend time and internal resources on Subpoena-related tasks. *Briceno Decl.*, ¶ 25. Such employee time spent searching for, reviewing, and/or assisting in the production of documents, as well as in sitting for depositions, is unquestionably compensable. *See Compaq Computer Corp.*, 163 F.R.D. at 339. Similarly, the costs that Gamefam was required to incur to hire CyberDuo to locate, collect, and preserve potentially responsive documents were necessary and resulted from Gamefam's

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile: 503-802-5351

efforts to respond to the Subpoena; these costs are therefore compensable. *See Briceno Decl.*, ¶ 22; *McGraw-Hill Cos., Inc.*, 302 F.R.D. at 536. The same is true of the costs Gamefam had to incur to (1) hire Streamline to manage, prepare, and produce documents in response to the Subpoena, and (2) order the transcript of Gamefam's deposition from Veritext, LLC. *Briceno Decl.*, ¶¶ 23–24; *McGraw-Hill Cos., Inc.*, 302 F.R.D. at 536.

Thus, the Subpoena has imposed qualifying reimbursable expenses upon Gamefam, and the first prong of the FRCP 45 cost-shifting analysis is satisfied.

## C. <u>The expenses imposed upon Gamefam by the Subpoena are significant.</u>

The second factor in the cost-shifting analysis is whether the expenses imposed upon Gamefam by the Subpoena are "significant." *See Legal Voice*, 738 F.3d at 1184. This analysis requires consideration of "the ability of the producing non-party to bear the costs of production." *McGraw-Hill Cos., Inc.*, 302 F.R.D. at 536. This analysis is a very fact dependent, case-by-case determination; "an expense might be 'significant,' for instance, to a small family-run business, while being 'insignificant' to a global financial institution." *Id.*

For example, the United States Court of Appeals for the District of Columbia Circuit "ha[d] no trouble concluding" that estimated expenses of approximately $200,000 were "significant" to the Defense Department, the State Department, and the Central Intelligence Agency. *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). Likewise, the Ninth Circuit Court of Appeals "ha[d] no trouble concluding that $20,000 is 'significant'" to a law center. *Legal Voice*, 738 F.3d at

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile: 503-802-5351

1185.  Even expenses totaling $9,000 are sufficient to justify cost-shifting in certain

circumstances.  *Id.*

In the present case, Gamefam's expenses incurred in responding to the Subpoena are undoubtedly significant.  As detailed in Section II(G) above, to date Gamefam has been required to expend $227,331.10 to respond to the Subpoena. These significant costs have had a substantial impact on Gamefam's ability to manage and maintain its total operating budget, which directly impacts its greater operations.  *Briceno Decl.*, ¶ 16.  Gamefam's litigation budget for 2023 for general business needs is a small budget line item that has been grossly exceeded by the costs incurred for the Subpoena.  *Id.* ¶ 15.  Gamefam's annual budget is dependent upon cash flow that has at this point been almost entirely devoted to Subpoena costs. *Id.* ¶ 16.  Gamefam's ability to support its work force has been jeopardized by these unexpected and substantial costs, and Gamefam will face layoffs as a direct result thereof, as discussed above.  *Id.* ¶ 17.

Further, Gamefam's Subpoena-related expenses exceed the approximately $200,000 amount that was deemed significant to large governmental agencies in *Linder*.  *See Linder*, 251 F.3d at 182.  By way of comparison, for 2023 those governmental agencies are reported to have budgets of around $800 billion for the Department of Defense and $60.4 billion for the Department of State.  *See, e.g.*, Defense Budget Overview: United States Department of Defense Fiscal Year 2023 Budget Request, Office of the Under Secretary of Defense (Comptroller)/Chief Financial Officer (March 2022), https://comptroller.defense.gov/Portals/45/ Documents/defbudget/FY2023/ FY2023_Budget_Request.pdf (last visited Nov. 15,

Page 28 –  MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

2023); Office of the Spokesperson, *U.S. Department of State and U.S. Agency for International Development FY 2023 Budget Request*, U.S. DEPARTMENT OF STATE (Mar. 28, 2022), https://www.state.gov/u-s-department-of-state-and-u-s-agency-for-international-development-fy-2023-budget-request/ (last visited Nov. 15, 2023). These operating budgets greatly exceed Gamefam's estimated $34 million in revenues for 2022 *(see Briceno Decl.*, ¶ 19) and leave no doubt that the $227,331.10 incurred by Gamefam to respond to the Subpoena is "significant" to it and must be shifted to and reimbursed by WowWee.

Likewise, the Subpoena-related expenses incurred by Gamefam amount to approximately eleven times the $20,000 that was deemed significant to a law center in *Legal Voice* and twenty-five times the $9,000 that has also been deemed sufficiently significant to justify cost shifting. *See Legal Voice*, 738 F.3d at 1185. Gamefam cannot shoulder the burden of the Subpoena-related expenses that WowWee has required it to incur in a Lawsuit in which it is not a party and has no interest.

The expenses that have been imposed upon Gamefam by the Subpoena are significant. Both the first and second prongs of the cost-shifting analysis are satisfied, and WowWee must provide Gamefam with reimbursement as requested in this Motion.

### D. **Gamefam placed WowWee on clear and consistent notice that it would seek reimbursement for its Subpoena response costs.**

Finally, as noted above, a non-party's subpoena response costs are subject to cost shifting as long as the party requesting discovery was placed on notice that

Page 29 – MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR 97209
Phone: 503-802-5533
Facsimile: 503-802-5351

reimbursement would be sought.  *Spears*, 2014 WL 6901808, at *3.  It is not necessary that the non-party be subject to a court order compelling compliance before cost shifting may be imposed.  *See Nitsch*, 2017 WL 930809, at *1 n.3.

Here, Gamefam consistently put WowWee on notice that its Subpoena response costs were accruing, and those costs would need to be shifted to WowWee either by mutual agreement of the parties or by court order.  The parties' many email, telephone call, and video conference communications on these points are fully detailed in Section II above and need not be reiterated here.  Despite its knowledge of Gamefam's growing Subpoena-related expenses, WowWee continued to demand that Gamefam produce documents in response to the Subpoena and did not modify or discharge Gamefam from the Subpoena.  Further, WowWee never challenged Gamefam's reports or asked Gamefam to avoid any costs.

WowWee at many times acknowledged its understanding that Gamefam expected to be reimbursed for its Subpoena response costs and further acknowledged its obligation to compensate Gamefam for the same under FRCP 45.  *Christian Decl.*, ¶ 12; *see also Hooper Decl.*, ¶ 6, Ex. B at 24.  Yet, to date it has refused to do so.  This has left Gamefam with no choice but to seek the assistance of this Court in obtaining the reimbursement that it requires so that its business may continue without undue harm caused by the Subpoena response costs WowWee has required it to incur.

/ / /

/ / /

/ / /

Page 30 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

1

## IV.    <u>CONCLUSION</u>

2       Gamefam respectfully requests that an order be entered requiring WowWee

3 to reimburse Gamefam for its significant expenses incurred in responding to the

4 Subpoena, in the amount of $227,331.10.  Gamefam reserves its right to supplement

5 this amount until Gamefam is discharged from the Subpoena.

6

7       Respectfully submitted this 17th day of November 2023.

8

9                                   IMMIX LAW GROUP PC

10

11                                  _____
                                    Matthew Hooper, Bar No. 258238
12                                  600 NW Naito Parkway, Suite G
                                    Portland, OR  97209
13                                  Phone: (503) 802-5533
                                    E-Mail: matthew.hooper@immixlaw.com
14                                  *Attorneys for Gamefam, Inc.*

15

16

17

18

19

20

21

22

23

Page 31 –  MEMORANDUM OF POINTS AND AUTHORITIES IN
          SUPPORT OF MOTION FOR REIMBURSEMENT

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351

1

## CERTIFICATE OF COMPLIANCE

2   The undersigned, counsel of record for Gamefam, Inc., certifies that this

3 brief contains [6,998] words, which complies with the word limit of L.R. 11-6.1.

4        IMMIX LAW GROUP PC

5

6        _____

7        Matthew Hooper, Bar No. 258238
        600 NW Naito Parkway, Suite G

8        Portland, OR  97209
        Phone: (503) 802-5533

9        E-Mail: matthew.hooper@immixlaw.com

10       *Attorneys for Gamefam, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2023, I caused to be served a true copy of the preceding **GAMEFAM, INC.'S MOTION FOR REIMBURSEMENT OF SIGNIFICANT EXPENSES INCURRED IN RESPONDING TO SUBPOENA** on the individuals listed below, via E-mail:

Jennifer A. Golinveaux
Thomas James Kearney
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
415-591-1000
Fax: 415-591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Diana L. Leiden
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071
213-615-1924
Fax: 213-615-1750
Email: DHLeiden@winston.com

Michael Bednarek
Bednarek Legal PLLC
1100 N. Glebe Road
Suite 1010
Arlington, VA 20814
202-997-1665
Email: michael@bednareklegal.com

Michael S. Elkin
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
212-294-4193
Fax: 212-294-4700
Email: melkin@winston.com

*Attorneys for WowWee Group Limited, et al.*

IMMIX LAW GROUP PC

_____
Matthew Hooper, Bar No. 258238
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: (503) 802-5533
E-Mail: matthew.hooper@immixlaw.com

*Attorneys for Gamefam, Inc.*

Immix Law Group PC
600 NW Naito Parkway, Suite G
Portland, OR  97209
Phone: 503-802-5533
Facsimile:  503-802-5351